UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM SUMNER SCOTT,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN A. FRANKEL, ESQ.,<br><br>and<br><br>U.S. COMMODITY FUTURES TRADING COMMISSION,<br><br>Defendants. | Civil Case No. 14-01081 (RJL)<br><br>**FILED**<br>JAN 0 6 2015<br>Clerk, U.S District & Bankruptcy<br>Courts for the District of Columbia |

## MEMORANDUM OPINION
January 5, 2015 [Dkt. ## 5, 13]

Plaintiff William Sumner Scott ("plaintiff" or "Scott"), proceeding pro se, brought this suit on June 26, 2014, alleging violations of his First, Fourth and Fifth Amendment rights, abuse of process, extrinsic fraud, and deprivation of rights under 42 U.S.C. § 1983, against Defendants Steven A. Frankel ("Frankel") and the United States Commodity Futures Trading Commission ("Commission" or "CFTC"). *See* Scott Compl. for Damages, Mandatory Injunction and Declaratory Relief [Dkt. # 1], at ¶¶ 65-77 ("Complaint" or "Compl."). Before this Court are defendants' motions to dismiss the complaint under Rules 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction, personal jurisdiction,

1

ineffective service of process, improper venue, and failure to state a claim. *See* Steven A. Frankel, Esquire's Mot. to Dismiss Pl.'s Compl. [Dkt. # 5] ("Frankel Mem."); U.S. Commodity Futures Trading Commission's Mot. to Dismiss [Dkt. # 13] ("CFTC Mem."). Because this Court lacks subject matter jurisdiction, the motion will be GRANTED and the case DISMISSED.

## BACKGROUND

Plaintiff is a Florida resident whose complaint challenges the circumstances surrounding the revocation of his license to practice law in Florida. *See* Compl. ¶ 14. In 2010, the Supreme Court of Florida suspended Scott from the Florida bar for three years. *Florida Bar v. Scott*, 30 So. 3d 309, 311-14 (Fla. 2010), *cert. denied*, 131 S. Ct. 581 (2010) (cited at Compl. ¶ 14). That court held, on the basis of factual findings supported by "competent, substantial evidence" that was "more than amply" sufficient, plaintiff violated the state's ethics laws. *Id.* at 316-17. Scott petitioned the U.S. Supreme Court for a writ of certiorari, and the Supreme Court denied that petition in November 2010. As a direct consequence of this suspension, the National Futures Association ("NFA"), a self-regulatory organization supervising the futures industry, revoked Scott's registration as a commodity trading advisor and as an "associated person," which plaintiff refers to as "Series 3 designations." *See* Compl. ¶ 51; CFTC Mem. at 4.

After those decisions by the highest courts of the United States and Florida became final, Scott filed two lawsuits against Frankel in the United States District Court for the Southern District of Florida, seeking damages, declaratory and injunctive relief for injuries he claims arose from his suspension from the practice of law and the revocation

of his Series 3 designations, both of which were dismissed for lack of subject-matter jurisdiction. *See Scott v. Frankel*, No. 12 Civ. 23930 (S.D. Fla. Sept. 18, 2013) ECF No. 69, *aff'd*, No. 13-14355-FF (11th Cir. April 14, 2014); *Scott v. Frankel*, No. 14 Civ. 20230 (S.D. Fla. Sept. 15, 2014), ECF No. 27. Scott also appealed those revocations to the CFTC, based primarily on arguments that the Florida Supreme Court's decision was incorrect. On March 13, 2014, the Commission issued an order upholding the NFA's decision. *In the Matter of William S. Scott v. National Futures Association*, CFTC Docket No. CRAA-12-02. In April 2014, Scott petitioned for review of that Commission order in our Court of Appeals, Case No. 14-1050. The CFTC moved to dismiss that petition on the bases that it was untimely and filed in the incorrect venue. On September 18, 2014, our Circuit Court ordered that the petition, and the CFTC's motion to dismiss, be transferred to the Eleventh Circuit Court of Appeals. *See William Sumner Scott v. U.S. Commodity Futures Trading Commission*, D.C. Cir. 14-1050, Per Curiam Order, Document No. 1512978.

Plaintiff filed this Complaint on June 26, 2014, alleging that these disciplinary actions against him by the Supreme Court of Florida and NFA result from a scheme to retaliate against him for some relatively muted public criticism of the CFTC. Compl. ¶ 27 & Ex. 3. He alleges that in "retaliation for [his] public criticisms of the Federal futures regulatory system," the CFTC and others schemed to "entrap [him] in a crime," *id.* ¶ 28, "directed" private citizens to retain him as their lawyer, *id.* ¶ 30, in order to lay the groundwork for "false accusations" by the agency to the Florida bar, *id.* ¶ 55, and

conspired with a judge to "develop [a] plan" to disqualify Scott as counsel in a case before that judge, *id.* ¶ 48.

## STANDARD OF REVIEW

Although pro se complaints are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *United States v. Byfield*, 391 F.3d 277, 281 (D.C. Cir. 2004), courts must still have jurisdiction in order to adjudicate a claim, and "the party claiming subject matter jurisdiction . . . has the burden to demonstrate that it exists," *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008). On a motion to dismiss under Rule 12(b)(1), "the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence." *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006) (citing, *inter alia*, Lujan v. *Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "[T]he plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *United States ex rel. Digital Healthcare, Inc. v. Affiliated Computer Servs., Inc.*, 778 F. Supp. 2d 37, 43 (D.D.C. 2011) (citation and internal quotation marks omitted). Further, in deciding a 12(b)(1) motion, a court need not limit itself to the complaint; rather, it "may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Bank of America, N.A. v. FDIC*, 908 F.Supp.2d 60, 76 (D.D.C. 2012) (citation and internal quotation marks omitted).

## ANALYSIS

This Court lacks subject matter jurisdiction to hear the merits of plaintiff's suit because, in effect, it challenges a state court judgment. Under the Rooker–Feldman abstention doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The Rooker–Feldman doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court."). Thus, as the Supreme Court recently clarified, federal district courts lack subject matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In particular, district courts lack authority to either (1) "review final judgments of a state court in judicial proceedings," *Feldman*, 460 U.S. at 482, or (2) decide federal constitutional claims that are "so 'inextricably intertwined' with a state court decision that 'the district court is in essence being called upon to review the state-court decision,'" *Stanton v. Dist. of Columbia Court of Appeals*, 127 F.3d 72, 75 (D.C. Cir. 1997) (quoting *Feldman*, 460 U.S. at 483–84 n. 16).

The Rooker–Feldman doctrine applies to the instant case because plaintiff effectively seeks to collaterally attack the state court judgment suspending his license to practice law. In Count I, plaintiff alleges defendants "wrongfully had me suspended from the practice of law in Florida," and seeks damages for the "wrongful taking of my right to practice law in Florida and the wrongful taking of my Series 3 designation." Compl. ¶¶ 66-67. These allegations expressly challenge the Florida Supreme Court's decision by asserting that Scott's suspension was "wrongful."

In Count II, plaintiff alleges that CFTC's undercover activities caused plaintiff his wrongful suspension, and thus these allegations are similarly "inextricably intertwined" with the underlying Florida Supreme Court decision. Although Count II is styled as a *Bivens* action, it directly challenges Scott's bar suspension by specifically seeking declaratory relief that his First Amendment rights were violated as well as an injunction directing defendant Frankel to submit a pleading to the Florida Supreme Court clarifying matters that led to his suspension. *See* Compl. ¶¶ 70-72.

Counts III and IV are also "inextricably intertwined" with the Florida Supreme Court's decision. Count III alleges that "extrinsic fraud" caused his disqualification as attorney, based on the same conflicts of interest addressed by the Florida court. Compl. ¶¶ 73-74. Count IV alleges that extrinsic fraud caused his suspension and the taking of his property rights under the Fourth, Fifth, and Fourteenth Amendments necessitating damages for the wrongful suspension of his law license. Compl. ¶¶ 75-77.

As Magistrate Judge McAliley reasoned in a nearly identical suit filed by Scott in the Southern District of Florida, Scott's extrinsic fraud claims are intertwined and must be dismissed:

> Scott claims the Supreme Court's decision was premised on faulty information Frankel provided, and that Frankel is thus liable for damages. Scott would be damaged, however, only to the extent the Supreme Court wrongly suspended him. And, Scott's request for declaratory and injunctive relief could only make sense if this Court were to conclude that the Florida Court (and the NFA and CFTC) must review their decisions--something this Court cannot do.

Report and Recommendation on Motion to Dismiss, *Scott v. Frankel*, No. 14 Civ. 20230, ECF No. 24, at *8 (S.D. Fla. Sept. 2, 2014) ("Report") (affirmed and adopted, ECF No. 27). Similarly, Scott's extrinsic fraud claims here are premised on false information provided by Frankel, which was later relied upon in the Florida Supreme Court's decision. *See* Compl. ¶ 49 ("Frankel filed a Motion to Disqualify me as the attorney for the Investcan plaintiffs for alleged appearance of conflicts of interest, which he knew from the prior agreements he provided to me was false."). There are no material differences between the allegations in this Complaint and the complaint dismissed in the Southern District of Florida for lack of subject-matter jurisdiction. *See* Report at 8.

In sum, the only way plaintiff's claims could succeed is to the extent that the state court wrongly decided the issues when it suspended Scott's law license and, thus, the claims are inextricably intertwined with the Florida Supreme Court's decision. *See Hunter v. U.S. Bank Nat'l Ass'n*, 698 F. Supp. 2d 94, 99-100 (D.D.C. 2010) (Rooker–Feldman doctrine applied where plaintiff's claim was "based entirely on the alleged impropriety of the foreclosure" because all of the alleged injuries stemmed from the

foreclosure and plaintiff explicitly sought a judgment that would have effectively modified the state court's judgment of foreclosure).

Finally, any amendment to the Complaint would be futile because this Court lacks jurisdiction to grant Scott the relief he seeks, and therefore, dismissal must be with prejudice. *See Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) ("A dismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." (citations and quotation marks omitted)).

## CONCLUSION

Thus, for all of the foregoing reasons, defendants' motions to dismiss are GRANTED, and this case is DISMISSED with prejudice for lack of subject matter jurisdiction. A separate Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge